139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Edward WILLIAMS, Bernard Green, Roland Lewis, et al.,
Defendants-Appellants.
 No. 96-3522.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1997.
Decided May 28, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied July 2, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division; No. 89 CR 908; Richard Mills, Judge.
 Before POSNER, MANION, and WOOD, Circuit Judges.
 
 
 1
 This is a successive appeal by the appellants in United States v. Williams, 81 F.3d 1434 (7th Cir.1996), familiarity with which is presumed. We vacated the judgments and remanded the case for the limited purpose of enabling the district judge to determine "whether exclusion of the evidence about the open unit, when added to the instances of prosecutorial misconduct (including eliciting testimony as to prior bad acts by two of the defendants), constituted a prejudicial error and so entitles the defendants to a new trial." Id. at 1444. On remand, the district judge determined that the evidentiary exclusion and prosecutorial misconduct did not constitute a prejudicial error, and so he reinstated the judgments, precipitating this new appeal. United States v. Bates, 940 F.Supp. 1251 (N.D.M.1996).
 
 
 2
 Determining whether a trial error or series of errors is prejudicial, that is, likely to have swayed the jury is judgmental; and the reviewing court necessarily accords significant discretion to the trial judge, who had the advantage of seeing and hearing the witnesses and watching the jury as it listened to their testimony and in general of having been immersed in the trial to a degree that an appellate court cannot match. The district judge in his case wrote a well-reasoned opinion that the appellants do not claim contains any legal errors, emphasizing the overwhelming evidence of guilt and the fact that the appellants' lawyers had been able to argue that the prosecution witnesses could have coordinated their testimony during the one hour a day that they were allowed out of their cells to mingle. The appellants' argument on appeal amounts merely to a disagreement with these judgment calls; they consider the evidence of guilt less overwhelming than the judge and the excluded evidence (and prosecutorial misconduct) more significant. But they make no showing that the judge's determination was unreasonable, and so it must stand.
 
 
 3
 AFFIRMED.